## ROBINSON v. DE LONG.

### [79 South. 95, Division A.]

1. WORK AND LABOR. *Building contract. Contractor's failure to complete the contract.*

   A contractor who fails to carry out his contract to build a house can recover the value of the materials used therein and labor expended thereon by him only in event his failure so to do was the result of a prior breach of the contract by the owner.

2. CONTRACTS. *Building contracts. Payment. Application.*

   In the absence of an agreement to the contrary, the money due the contractor because of changes in and additions to the original plans of a house is due and payable at the same time and under the same conditions as the money due under the contract as originally entered into.

3. CONTRACT. *Building contract. Payment. Application.*

   An owner by taking possession of an unfinished house and appropriating it did not thereby accept the contractor's work and become liable therefor, as the house being on the owner's land became his property, and he was neither bound to remove it nor abstain from using it.

4. CONTRACTS. *Builder's default. Compensation for partial performance. Divisible contract.*

   Where the failure of the builder substantially to perform his contract is willful and without justification, and the owner cannot avoid availing himself of the benefits of a partial performance, by reason of the labor and materials being attached to the owner's freehold, the builder is not entitled to any compensation for his partial performance unless the contract is a divisible one.

APPEAL from the chancery court of Tallahatchie county.

HON. JOE MAY, Chancellor.

Suit by E. C. De Long against Jerry Robinson with answer made a cross-bill. Report of master approved and decree entered in accordance therewith for plaintiff, and defendant appeals.

The facts are fully stated in the opinion of the court.

*Hays, Stingley & Whitten,* for appellant.

We think the error of the appellee's conclusions is apparent. There is no question of waiver on appellant's part. In fact it was the duty of appellant to take over and complete the dwelling to reduce the damages suffered by reason of appellee's default. *N. O. & G. N. R. R. Co.* v. *Echols,* 54 Miss. 264.

"When parties reduce their contract to specific stipulations, neither party can abandon it, and go for a *quantum meruit.* The special contract is to both parties the measure of right and responsibility." *N. O. & G. N. R. R. Co.* v. *Pressly, Greer & Co.,* 45 Miss. 66.

It was decided at an early early date in this state that an entire contract of this character could not be apportioned, and that under the circumstances named no recovery could be had by the party guilty of the breach of contract; that he could not recover on the special contract because he himself had not performed it, nor upon the *quantum meruit* because of the existence of the special contract." *Timberlake* v. *Thayer,* 71 Miss. 279.

This special contract was to complete this house for a given number of dollars, to be paid in installments as the work progresses, until sixty per centum had been paid, the balance to be paid when the house was fully completed. Appellant complied with his part of the contract having paid at the time of DeLong's default not only sixty per centum of the original contract price, but of the amended contract price as well, and more.

Simply because appellant would not continue to do more than he had contracted to do, according to the master's findings, appellee defaulted and refused to complete the house. We submit, the evidence shows many other defaults on appellee's part, in fact almost a total neglect of the building from the beginning. We, however, stand flatly on the master's findings. Yet,

if Mr. DeLong first defaulted, and the master so finds, a decree on a *quantum meruit* count, and, by the way a decree which gives him credit for the profit on the whole job just as if he had completed it according to contract, cannot stand. The court will have noticed that the master gave appellant credit only for the actual cost of the work he did in completing the house. Under the law, on the master's findings, no other than a decree dismissing complainant's bill could stand on this record.

We therefore ask the court to enter the proper decree here for appellant.

*A. A. Hearst,* for appellee.

We insist that even conceding that appellee did abandon work on the house before it was finished without justification or excuse, as counsel contends, the appellant in this instance would be required to pay him for the work already done and for materals already furnished by the appellee, because, as the report of the master shows, the appellant took possession of the house and moved into it and appropriated it to his own use, and proceeded with the work according to the plans as finally amended.

When the appellant took possession of the unfinished house and moved into it and appropriated it to his own use, he thereby accepted the work that had already been done on it and became liable to the appellee for the value of same. He could not receive the benefits of the work that had been done and refuse to pay for it.

We submit, therefore, that by taking possession of the building and moving into it and appropriating it to his own use and proceeding with the work, he estopped himself from denying his liability and waived any and all rights that he might otherwise have had to complain that the appellee had abandoned his contract.

We think that this principle of law is too well known to need the citation of any authority, and will not prolong this brief by citing authorities to sustain this rule of law, which we think is elementary horn book law.

So far in this brief we have been willing to concede that from the findings of facts in the masters' report the appellee abandoned his contract before the work was finished without justification or excuse, and have insisted that even in that case the appellant is liable to him in the sum found to be due him by the master's report, because he had accepted the work which had already been done and appropriated it to his own use. We submit that the master's report, on the contrary, shows that the appellant did not himself perform his agreements and for that reason the appellee was warranted in abandoning the work and in suing to recover for what had already been done. The master's report shows that the appellee practically abandoned work on the house "because said Robinson had ceased to advance money for the purchase of materials and for the payment of labor for the construction of same."

Now the court will remember that after the original contract was made in which the plans of the house and the price and terms of payment were all fixed, there were a great many changes made in the plans of the house, so many in fact that it may be said that the house built according to all the changes would be a very different house from one built by the original plans. The changes in the plans of course changed the price to be paid, and the master found, as appears from his report, that the reasonable value for all these various changes was seven hundred and forty-five dollars. In other words the master found that on account of the changes in the plans of the house the appellant was indebted to the appellee in the sum of seven hundred and forty-five dollars over the above original contract price. Now certainly the appellee had the

right to apply any of the payments made to him by the appellant to the payment of this indebtedness of seven hundred and forty-five dollars, for the changes as the changes were made, and as the work progressed. This is the very thing that the master evidently found that the appellee had done. So after applying the payments made by the appellant to the full discharge of the indebtedness for the changes as aforesaid, it would leave the appellant far in arrears for the work according to the original contract and justify appellee in quitting the work. All of these things are matters of facts which the master passed on and his finding is conclusive and will not even be reviewed by this court. Hence, we insist that the appellant's liability to the appellee, after all, is purely and simply a question of fact, properly submitted to the master and correctly passed on by him, and that his finding that the appellant is indebted to the appellee in the sum fixed by him is correct and final and the decree of the chancery court in approving the report is proper and correct and should not now be disturbed.

We therefore submit that the decree of the chancery court ought to be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is a suit in equity instituted by appellee to recover from appellant an alleged balance due him by appellant for material and labor used and expended by appellee in building a house for appellant. Appellant made his answer a cross-bill and sought to recover from appellee damages alleged to have been sustained by him because of appellee's failure to build the house according to his contract so to do.

The cause was submitted to a master, who heard the evidence and reported, in substance:

That "some time in February, 1914, complainant De Long and defendant Jerry Robinson entered into

an oral contract whereby said De Long was to furnish material and labor for and to build for said defendant a residence house with the residence of one Mrs. Webb as a model, with certain changes, and for which Robinson was to pay De Long the sum of three thousand four hundred and thirty-two dollars;" that De Long commenced the erection of the house, and as the work progressed Robinson made certain changes in the plan thereof, which De Long executed, and for which Robinson should pay him the sum of seven hundred and forty-five dollars; "that some time in August, 1914, said De Long practically abandoned work on said house, because said Robinson had ceased to advance money for the purchase of material and for the payment of labor for the construction of same; and that said Robinson took possession of said house, moved thereinto and appropriated it to his use, and purchased materials and employed labor for further work on it in accordance with the plans of said contract as finally amended, or changed; that said house has never been completed according to the plans of said contract, as amended;" that the payments made De Long by Robinson amount to two thousand eight hundred sixty-four dollars and forty-three cents; that "the reasonable value of the materials and labor furnished and the work done by the said De Long towards the construction of said house at the time it was taken over by said Robinson is the sum of three thousand four hundred twenty-six dollars and forty-two cents; and that, as a credit against this sum, said Robinson is entitled to the sum of two thousand eight hundred sixty-four dollars and forty-three cents. I find that the complainant, E. C. De Long, is entitled to recover of the defendant, Jerry Robinson, the sum of five hundred sixty-one dollars and ninety-nine cents for materials and labor furnished and for services performed in the construction of said house, with the costs of this suit."

The report of the master was approved by the court and a decree entered in accordance therewith.

Appellee's bill alleges that:

"The said defendant, Jerry Robinson, agreed to pay to the complainant for building the said house under the said contract the sum of three thousand four hundred and thirty-two dollars, and was to pay it in installments of parts of the said sum as the work on the house progressed, and was to pay in installments from time to time approximately eighty per cent. of the value of the work done and materials furnished at the time of any given payment."

This allegation was denied by appellant; his answer setting forth that:

"Defendant was not to pay installments of the total contract price of approximately eighty per centum of the value of the materials furnished and the work done, but that it was expressly understood, stipulated, and agreed by and between said parties that such installments or partial payments should not at any time or stage of the work of construction exceed the fixed percentage of said total consideration of sixty until the said contract was fully complied with, the said dwelling completed in accordance with the plan and specifications for same, delivered over to and accepted by this defendant, when and only on which condition the balance or as much as forty per centum of said total contract price should be paid."

When these partial payments were to be made and the amount thereof does not appear from the pleadings, evidence, or report of the master; nor does it appear from either the evidence or the report of the master whether the per cent. of the contract price of the house, which these partial payments were not to exceed, was eighty per cent. as claimed by appellee, or sixty per cent. as claimed by appellant.

Appellee, having failed to carry out his contract to build the house, can recover the value of materials

used therein and labor expended thereon by him only in event his failure so to do was the result of prior breach of contract by appellant. The alleged breach thereof by appellant was his failure to pay appellee eighty per cent. of the contract price of the house as the work progressed. Assuming for the sake of argument that appellant made such an agreement, he was not in default when appellee abandoned his contract, for it appears from the master's report that the value of the work done and materials furnished by appellee was three thousand, four hundred and twenty-six dollars and forty-two cents, eighty per cent. of which is two thousand, seven hundred and forty-one dollars and fourteen cents, and the payments that appellant had then made to appellee amount to two thousand, eight hundred and sixty-four dollars and forty-three cents.

But is is said by counsel for appellee that:

"Appellee had the right to apply any of the payments made to him by the appellant to the payment of this indebtedness of seven hundred and forty-five dollars, for the changes as the changes were made, and as the work progressed. This is the very thing that the master evidently found that the appellee had done. So after applying the payments made by the appellant to the full discharge of the indebtedness for the changes as aforesaid, it would leave the appellant far in arrears for the work according to the original contract, and justify appellee in quitting the work."

As we understand this contention, the seven hundred and forty-five dollars due appellee for the changes in the plan of and additions to the house by him should be deducted from the three thousand, four hundred and twenty-six dollars and forty-two cents found by the master to be the total value of the material furnished and labor done by appellee, leaving a balance of two thousand, six hundred and eighty-one dollars and forty-two cents, on which would have been due

appellee on the eighty per cent. basis the sum
of two thousand, one hundred and forty-five dollars
and fourteen cents, to the payment of which
should be applied the difference between two thousand
eight hundred and sixty-four dollars and forty-three
cents, the full amount paid appellee, and the seven
hundred and forty-five dollars due him for the changes
in and additions to the original plan of the house,
which is two thousand, one hundred nineteen dollars
and forty-three cents, thereby leaving appellant in
arrears on his partial payments of twenty-five dollars
and seventy-one cents. One sufficient answer to this
contention is that, in the absence of an agreement to the
contrary, the money due appellee because of the changes
in and additions to the original plan of the house is
due and payable at the same time and under the
same conditions as the money due under the contract
as originally entered into.

But again it is said by counsel for appellee that:

"When the appellant took possession of the un-
finished house and moved into it and appropriated it
to his own use, he thereby accepted the work that had
already been done on it and became liable to the ap-
pellee for the value of same. He could not receive
the benefits of the work that had been done and refuse
to pay for it. We submit therefore, that by taking
possession of the building and moving into it and
appropriating it to his own use and proceeding with
the work, he estopped himself from denying his liability
and waived any and all rights that he might otherwise
have had to complain that the appellee had abandoned
his contract."

There is no merit in this contention, for the reason
that appellant could not divest himself of the possession
of the building without at the same time surrendering
that portion of his land on which it was situated. The
building being situated on appellant's land became his

property, and he was neither bound to remove it nor abstain from using it; and the rule is that:

"Where the failure of the builder substantially to perform is willful and without justification, and the owner cannot avoid availing himself of the benefits of a partial performance, by reason of the labor and materials being attached to the owner's freehold, the builder is not entitled to any compensation for his partial performance, unless the contract is a divisible one." 9 C. J. 819; *Wooten* v. *Reed,* 2 Smedes & M. 585.

*Reversed, and bill dismissed.*